IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN PALMA VASQUEZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DAVID O'NEILL, Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, PAMELA BONDI, U.S. Attorney General, JAMAL L. JAMISON, Warden of Philadelphia Federal Detention Center** | : : : : : : : : | **NO. 25-7198** |

## ORDER

**NOW**, this 25th day of December, 2025, upon consideration of Petitioner Bryan Palma Vasquez's Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Palma Vasquez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Palma Vasquez from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.** on **December 26, 2025**.

3. The government is temporarily enjoined from re-detaining Palma Vasquez for seven days following his release from custody.

4. If the government pursues re-detention of Palma Vasquez, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5.      The government shall not remove, transfer, or otherwise facilitate the removal of Palma Vasquez from the Eastern District of Pennsylvania prior to the ordered bond hearing.

6.      If the immigration judge determines Palma Vasquez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Palma Vasquez if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

7.      Palma Vasquez's Motion for Temporary Restraining Order (Doc. No. 2) is **DENIED** as **MOOT**.

_____
TIMOTHY J. SAVAGE, J.

---

[1] Palma Vasquez, a citizen of Colombia, entered the United States on November 27, 2023 without inspection. Pet. Writ Habeas Corpus ("Pet.") ¶¶ 1–2, ECF No. 1. Within one year of his arrival, he filed a timely asylum application and has since appeared at immigration court hearings. *Id.* ¶ 2. Palma Vasquez has a one-year-old child who is a U.S. citizen. *Id.*

On December 19, 2025, Immigration and Customs Enforcement ("ICE") detained Palma Vasquez and he has since been held at the Federal Detention Center in Philadelphia. *Id.* ¶ 16. ICE has not set bond, and Palma Vasquez has been unable to seek review of his custody determination by an immigration judge. *Id.*

The government contends that detaining Palma Vasquez without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See* Resp. Opp. to Pet. Habeas Corpus and Mot. for Restraining Order, at 10–16, ECF No. 6. Section 1225(b)(2) does not apply to individuals like Palma Vasquez, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Palma Vasquez is 8 U.S.C. § 1226(a). That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.